FILED
United States Court of Appeals
Tenth Circuit

March 13, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

KEVIN GLENN PETTY,

    Defendant - Appellant.

No. 20-5007
(D.C. No. 4:19-CR-00087-JED-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT***
_____

Before **MATHESON**, **McHUGH**, and **CARSON**, Circuit Judges.
_____

This matter is before the court on the government's motion to enforce the

appeal waiver in Kevin Glenn Petty's plea agreement pursuant to *United States v.*

*Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam). Exercising

jurisdiction under 28 U.S.C. § 1291, we grant the motion and dismiss the appeal.

Petty pleaded guilty to theft of government property, in violation of 18 U.S.C.

§ 641. As part of his plea agreement, he waived his right to appeal his conviction and

any sentence, unless the sentence imposed exceeded the statutory maximum of

120 months' imprisonment. The plea agreement acknowledged that Petty was

_____

*\** This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

entering his plea knowingly and voluntarily and that he understood its consequences, including the possible sentences and appeal waiver. At the change of plea hearing, the district court reminded him of the possible sentences and broad appeal waiver, and he confirmed that he understood and that he wanted to plead guilty. Based on his responses to the court's questions and its observations of his demeanor during the hearing, the court accepted Petty's plea as having been knowingly and voluntarily entered. It then sentenced him to 24 months' imprisonment, which was the minimum sentence in the applicable guidelines range. Despite his appeal waiver and the fact that his sentence was below the statutory maximum, Petty filed a notice of appeal.

In ruling on a motion to enforce, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325.

In response to the government's motion to enforce, Petty's counsel stated that Petty has no non-frivolous argument against enforcement of his appeal waiver. We gave Petty an opportunity to file a pro se response to the motion to enforce, but he has not done so. We construe the counseled response and Petty's failure to file a pro se objection to the motion to enforce as a concession that his waiver was knowing and voluntary, that his appeal falls within the scope of the waiver, and that enforcement of the waiver would not result in a miscarriage of justice. *See United*

*States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005) (noting that court need not address uncontested *Hahn* factor).

Accordingly, we grant the government's motion to enforce the appeal waiver and dismiss the appeal.

<div style="margin-left: 50%;">

Entered for the Court
Per Curiam

</div>